**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Sally J. HERALD, Respondent.**

**No. 2006–SC–000574–KB.**

Supreme Court of Kentucky.

Oct. 19, 2006.

## OPINION AND ORDER

The Kentucky Bar Association recommends that Sally J. Herald's license to practice law in the Commonwealth of Kentucky be suspended for 181 days. Herald, KBA Member No. 83220, whose bar roster address is 2360 Licking Pike, Cold Spring, Kentucky 41076, was admitted to practice law in this Commonwealth on November 3, 1989.

In November and December of 2005, the Inquiry Commission issued charges against Herald in three separate cases. Herald was properly served in each case but made no response. Thus the matters were submitted as default cases to the Board of Governors, whereupon all violations were combined for the purpose of establishing the proper discipline.

The first case arose from Herald's representation of Sally Combs. Herald filed a breach of contract suit on Combs' behalf and obtained a default judgment in Combs' favor. However, Herald made no attempt to collect on the judgment, nor did she inform Combs that the judgment had been obtained. After Herald's telephone was disconnected, she did not notify Combs of new contact information. More than a year after the default judgment was rendered, the judgment debtor filed for bankruptcy. The Board of Governors found that Herald's conduct violated SCR 3.130–1.3 which requires diligent action in representing a client; SCR 3.130–1.4(a) and (b) which require prompt compliance with client requests for information as well as providing explanations which sufficiently provide the client with a basis to make informed decisions; and SCR 3.130–8.1(b) which prohibits a knowing disregard of a request for information by a disciplinary authority.

Additional violations stemmed from Herald's representation of John Kelley in a negligence action against a hospital. Herald filed the action but the defendant hospital obtained a summary judgment. Herald timely filed a notice of appeal, but took no further action. Upon the hospital's motion to dismiss the appeal, the Court of Appeals issued a show cause order to Herald demanding a response or a $100.00 fine in lieu of a response. Herald did neither. The hospital filed a second motion to dismiss which the Court of Appeals granted. Further, the Court of Appeals entered an order which directed Herald to pay a $100.00 fine within ten days and to send a copy of the order to Kelley via certified mail. She paid the fine, but payment was beyond the ten-day time limit. Herald admitted that she did not send Kelley a copy of the order imposing a fine by certified mail as required by the Court of Appeals, but asserted that she did send a copy to him by regular mail.

The Court of Appeals also ordered Herald to appear and elaborate on "certain

matters" regarding her practice of the case, but she failed to appear at the scheduled hearing. The Court of Appeals issued another order substantially similar to its previous order with the additional warning that failure to respond would result in contempt and the imposition of additional sanctions. Herald did appear in response to this second order and, from that hearing, the Court of Appeals referred the matter to the Inquiry Commission and "strongly encouraged Attorney Herald during oral arguments to contact the Kentucky Lawyer Assistance Program (KYLAP)."

Upon these events, the Board of Governors found Herald guilty under SCR 3.130–1.3 which requires diligent representation and SCR 3.130–8.1(b) which requires a response to a request from a disciplinary committee. Herald was also found guilty under SCR 3.130–3.4(c) which prohibits intentionally or knowingly disobeying an obligation under the rules of a tribunal.

Finally, other violations originated from Herald's representation of Joyce Neal in a Social Security disability claim. After the claim had been pending for some time, Neal contacted Herald and requested that she obtain a new hearing date. Herald did not comply and subsequent attempts by Neal to contact Herald were unsuccessful. The incommunicado period extended from December 2004 until March 2005. Meanwhile, Herald's telephone was disconnected and she failed to provide Neal with new contact information. Finally, Herald never returned Neal's client file to her. Based on this conduct, the Board of Governors found that Herald violated SCR 3.130–1.4(a) for failure to keep Neal reasonably informed, SCR 3.130–1.16(d) for failure to protect Neal's interests upon termination of representation, and SCR 3.130–8.1(b) for failure to respond to a request for information by a disciplinary authority.

■ Upon the foregoing, IT IS ORDERED that:

(1) Sally J. Herald is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one-hundred-eighty-one (181) days, effective from the date of this order. Should Herald, thereafter, seek to have her license restored, she must be processed by the Character and Fitness Committee. Further, the Character and Fitness Committee will have an opportunity, should it be appropriate, to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP) prior to restoration.

(2) Pursuant to SCR 3.390, Herald is ordered to send letters within ten days of this Order to all Courts in which she has matters pending and all clients for whom she is actively involved in litigation notifying them of her inability to continue to represent them, advise them of the necessity and urgency of promptly retaining new counsel, simultaneously provide a copy to the Director of the KBA, and cease advertising activities.

(3) In accordance with SCR 3.450, Herald is ordered to pay all costs associated with these disciplinary proceedings, said sum being $957.85, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: October 19, 2006.

/s/ Joseph E. Lambert
Chief Justice